IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

MELVIN WHITE
PLAINTIFF

VERSUS                                                                        NO.   2:18-cv-02589-JTF-tmp

BANK OF NEW YORK MELLON,
TRUSTEE FOR BEAR STERNS ALT-A
TRUST 2005-10 MORTGAGE
PASSTHROUGH CERTIFICATES 2010;
BANK OF AMERICA, N.A.
DEFENDANTS and
 BELGRAVIA SQUARE LLC

MEMORANDUM IN SUPPORT OF RESPONSE TO MOTION TO DISMISS

I.     INTRODUCTION

This civil action arises out of a non-judicial foreclosure.   White has stated plausible claims and therefore Belgravia Square LLC's Motion to Dismiss is [DE 28] is due to be denied.

II.    RELEVANT FACTS

The majority of the relevant facts are set forth in the First Amended Complaint [DE 19] and will not be repeated herein for the sake of brevity.

This Court has already found similar allegations to state a plausible claim. See October 26, 2018 Order[1] attached herewith as Exhibit 1.

III.   ANALYSIS

1.   The Sixth Circuit 12(b)(6) Standard

In *Mellentine v. Ameriquest Mortg. Co.,* 515 Fed. Appx. 419, 424-25 (6th

---

[1] Plaintiff also attaches the August 25, 2018 Order which was inadvertently left out of DE

Cir. 2013), *Majestic Building Maint. Inc., v. Huntington Bancshares Inc.,* 864 F.3d 455, 458 (6th Cir. 2017) the Sixth Circuit held a district court must accept all well-pled factual allegations as true and construe the entire complaint in the light most favorable to the Plaintiff.  The complaint must contain enough facts to state a claim that is plausible on its face.  *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.,* 821 F.3d 780 (6th Cir. 2016).  Legal conclusions couched as factual allegations need not be accepted as true.  *Hall v. US Bank, N.A.*, 626 Fed. Appx 114, 116 (6th Cir. 2015).  Inferential allegations are sufficient.  *White v. Coventry Health Life & Life Ins. Co.*, 680 Fed. Appx. 410, 413 (6th Cir. 2017).  The Court must decline to consider any matters not contained or incorporated into the complaint that are not public record.  *Bah v. Attorney General of Tennessee,* 2014 WL 2589424, Slip Op. 5-6 (W.D. Tenn. June 10, 2014).

    2.    <u>Application to Defendants Motion</u>

    A.    <u>FHA §1981 & §1982 Retaliation Claim Sufficiently Plead</u>

In *Hidden Village v. City of Lakewood, Ohio*, 734 F.3d 519, 528-530 (6th Cir. 2013), the Sixth Circuit held that FHA retaliation claims were freestanding claims and did not depend on any underlying violation of the FHA statutes. Economic motives cannot protect a defendant from retaliation claims.  *Linkletter v. Western and Surety*, 851 F.3d 632, 640 (6th Cir. 2017).  Thus, these claims are analyzed independently of the FHA discrimination claims.

Belgravia Square LLC's conduct of filing with a detainer action with

---

29-1.

2

knowledge that Plaintiff was exercising his Fair Housing rights constituted a clear violation of 42 USC § 3617 and 24 CFR §100.400(c)(5). DE 19, Page ID 287, 289-90. The closeness in time between the exercise of the protected activity (September 2018) and the adverse action (September 2018), less than 1 months, is prima facia evidence Belgravia Square LLC retaliated[2] against Plaintiff due to his exercise of his FHA rights. *Henry v. Abbot Labs*, 651 Fed Appx. 494, 505 (6th Cir. 2016) (proximity of less than 6 months sufficient)[3].

### B. <u>Belgravia Square was not a Bona Fide Purchaser for Value</u>

In order to receive title free of any prior defects, a transferee must be a bona fide purchaser for value without notice. *Darnell v. Fenn*, 303 S.W.3d 269, 279-280 (Tenn. Ct. App. 2009) There are three types of notice: (1) constructive (2) actual, and (3) inquiry. *Blevins v. Johnson County, Tennessee,* 746 S.W.2d 678, 682-685 (Tenn. 1988).

Recording an instrument constitutes constructive notice. *Blevins* at 683. In *In re Marsh*, 12 S.W.3d 449, 452-54 (Tenn. 2000), the Tennessee Supreme Court held that an instrument was only required to be acknowledged and filed with the register of deeds to constitute constructive notice to a subsequent purchaser or creditor consistent with *§66-26-102*. *Washington Mutual Bank v. ORNL Federal*

---

[2] Findings of fact and conclusions of law rendered at the preliminary injunction stage are not binding in later phases of the case. *University of Texas v. Camerisch*, 451 US 390, 395 (1981); *Collins InkJet Corp., v. Eastman Kodak Co.*, 781 F.3d 264, 276 (6th Cir. 2015).

[3] FHA and Title VII are parallel acts. *Hollis v. Chestnut Bend Homeowners Assn*, 760

3

*Credit Union,* 300 S.W.3d 665, 670 (Tenn.Ct. App. 2008).   Inquiry notice places a party on notice of all facts to which an inquiry will lead.    *Blevins*, 746 S.W.2d 683.

  A transferee cannot qualify as a bona fide purchaser for value without notice if the transferor is not in possession of property as a matter of law.    *Henderson v. Lawrence*, 369 S.W.2d 553, 556-557 (Tenn. 1963).   A transferee cannot become a bona fide purchaser for value without notice until the instrument is actually recorded. *Equity Mortgage Funding, Inc., v. Hayes*, M2011-01717-COA-R3-CV (Tenn. Ct. App. January 26, 2012).   The transferee or purchaser bears the burden of proof to establish the purchaser's status as a bona fide purchaser without notice. *Milledgville United Methodist Church v. Melton*, 388 S.W.3d 280, 289 (Tenn. Ct. App. 2012).

  Applying the foregoing principles, Belgravia Square received its deed subject to all claims of Melvin White against Bank of New York Mellon and Bank of America.   The August 29, 2018 *Lien Lis Pendens* filed with Shelby County Register of Deeds constituted Constructive Notice to Belgravia. DE 19 Page ID 289. Moreover, White was in possession of the property when Bank of New York Mellon sold the property to Belgravia Square.   Thus, Belgravia Square could never become a bona fide purchaser.

  C. <u>The Court is authorized to declare the foreclosure void and issue a mandatory injunction setting it aside for violations of the Fair Housing Act.</u>

  In *Preferred Properties v. Indian River Estates*, 276 F.3d 790, 802 (6th

---

F.3d 531, 537 (6th Cir. 2014).

4

C:\Users\Drayton\Desktop\drayton berkley\Drayton Berkley\MELVIN WHITE MORTGAGE LITIGATION\2018 Foreclosure Litigation\January 14, 2019 Memo.doc

2001), the Sixth Circuit held that district courts are authorized to mandatory injunctions and other remedies transferring title in addition to damages for violations the Fair Housing Act.  DE 19, Page ID 288-289.   "Affirmative action" of declaring the foreclosure void and issuing a mandatory injunction compelling Bank of New York Mellon to issue title to Plaintiff is within the Court's ability consistent with §3613(c)(1).  *Id*. at 802.

   IV. CONCLUSION

Defendants' motion for to dismiss should be denied.

                              Respectfully Submitted,

                              Respectfully Submitted,
                              /s/ DRAYTON D. BERKLEY
                              **DRAYTON D. BERKLEY, ESQ.**
                              **(BPR 022601)**
                              119 South Main Street, Suite 500
                              Memphis, Tennessee  38103
                              Telephone:  (901) 322-8706
                              Fax:  (901)  881-0316
                              e-mail:  attorneyberkley@gmail.com

CERTIFICATE OF SERVICE

The undersigned hereby certifies a copy of the foregoing has been served upon counsel for the defendants in the U.S. Mail, first class postage paid, or e-mail and properly addressed or hand-delivery to:

Lauren Roberts, Esq.
Stites & Harbison PLLC
401 Commerce Street Ste 800
Nashville, TN 37219
Via ECF
Attorneys for Bank of New York Mellon and

5

Bank of America

Mr. Richard J. Myers, Esq.
GLANKLER BROWN PLLC
6000 Poplar Avenue Ste 400
Memphis, TN 38119
Via ECF
Attorneys for Belgravia Square, LLC

This the 14th day of January 2019

                                               /S/ DRAYTON D. BERKLEY
                                               **DRAYTON D. BERKLEY, ESQ.**